BLANCHE, Judge.
The Alcoholic Beverage Control Board, defendant-appellant, appeals from a decision under a rule nisi enjoining the Board from suspending or revoking the liquor license of George J. Williams, d/b/a Place Duplantier Club.
Following the receipt of a petition from numerous residents of Burgin Street and College Hill Place in Baton Rouge objecting to the continued operation of the Place Du-plantier Club, the Board held a public hearing on November 1, 1976, and revoked the license stating the licensed premises were being operated in a manner contrary to the general public welfare.
The same day the district court granted Williams’ petition for a temporary restraining order, and on November 19, 1976, a hearing on a rule nisi was conducted. Judge Eugene W. McGehee, in written reasons, commented that the court did not question the authority of the City of Baton Rouge to regulate businesses generally to insure they are operated in a manner not contrary to the general good, that authority being inherent under the police power of a municipality. He based his decision to enjoin the Board on his conclusion that the evidence adduced at the hearing failed to establish that Williams operated his business contrary to the general public welfare.
Although “contrary to the general public welfare” in such cases has not been defined by ordinance, statute or otherwise, the trial court did find that the evidence failed to support a finding that Williams was in violation of either local ordinances found in Title 9, Sections 9 and 11, of the City Code or state statutes found in LSA-R.S. 26:88 and 89. There is no error in this finding.
The testimony of the citizens in the area at the district court hearing leads us to believe that the tranquility of their lives was disturbed as a result of the noise created in the general vicinity of the Place Du-plantier Club. However, the evidence fails to establish that this inconvenience could be imputed to the manner in which Williams operated the business. Thus, we believe their inconvenience finds its source in the nature of the business which is licensed there rather than from the manner in which it was operated.
*463 Accordingly, the judgment of the trial court is affirmed, defendant-appellant to pay all costs of these proceedings.
AFFIRMED.